OPINION
Appellant, Donell Daniels, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding appellant to be a delinquent minor as a result of appellant having committed the offense of robbery. The facts of the underlying offense are as follows:
 * * * [O]n January the 16th at approximately 10:38 p.m. the victim of this offense was leaving the Big Bear Store, 2865 West Broad Street. As she was walking across the parking lot towards her car, she had her 18 month old baby in the shopping cart with her. The young male approached behind her said, "give me your wallet, bitch," the victim said "no," and started running back towards the Big Bear screaming for help and then yelling that it — she was being robbed. The subject caught her and grabbed her and a struggle ensued, the shopping cart tipped over with her son still strapped in. The victim continued to scream, the suspect punched her in the face a couple of times and she fought back. She threw her wallet in one direction and her car keys in another. The suspect picked up her wallet and ran across the parking lot North Front on across Broad Street. The victim's wallet contained approximately $16.00 in cash and several credit cards.
 Two witnesses were coming out of Big Bear and called the police. Officers aired a physical description and Officer Siford, found the defendant, Donell Daniels walking northbound in the alley between Chase and Powell Avenue. He fit the physical clothing description and was stopped by Officer Siford, he immediately stated, "I didn't do it, it was those two white boys." The victim was transferred — transported to Officer Siford's location; she positively identified Donell Daniels as the individual that robbed her. [1/25/01 Tr. at 4-5.]
On January 25, 2001, appellant appeared before a magistrate and entered an admission to the charge of robbery. The matter was continued for investigation prior to disposition, and on February 2, 2001, the magistrate recommended that the appellant be found a delinquent minor. Appellant now appeals raising the following assignment of error:
 The court did not comply with Juvenile Rule 29(D) in accepting appellant's admission.
Appellant complains that the magistrate failed to properly determine whether his admission was knowingly, voluntarily, and intelligently entered. Specifically, appellant maintains the court failed to make a full inquiry into appellant's understanding of the offense and the rights waived as a result of his admission.
In In Re Anderson (2001), 92 Ohio St.3d 63, the Ohio Supreme Court explained:
 * * * [F]rom their inception, juvenile courts existed as civil, not criminal, courts. The basic therapeutic mission of these courts continues to this day. Therefore, we hold that a juvenile court proceeding is a civil action. * * * [Id. at 66-67.]
Juv.R. 40(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In our decision in the case of In the Matter of Isiah Hunter (Mar. 6, 2001), Franklin App. No. 00AP-507, unreported, we explained as follows:
 * * * This court and other jurisdictions have consistently held that the "failure to file objections in compliance with the rule precludes [an appellant] from appealing the issues decided in the magistrate's decision." In the Matter of Young (Dec. 21, 1999), Franklin App. No. 99AP-489, unreported. See, also, In the Matter of Johnson (Dec. 12, 2000), Franklin App. No. 00AP-390, unreported (failure to file objections precludes the court from considering appellant's claim that the trial court erred in finding appellant to be a delinquent minor based upon an admission that did not comply with requirements of Juv.R. 29[D]); In the Matter of Adrian W. (Nov. 20, 1998), Lucas App. No. L-98-1102, unreported ("[p]ursuant to Juv.R. 40[E][3][b], a party may not assign as error on appeal the trial court's adoption of any of the magistrate's findings of fact or conclusions of law, unless that party has objected to such findings or conclusions, in writing, within fourteen days of the filing of the magistrate's decision").
 Thus, in the absence of objections, "no assignment of error can be made," and "[w]e can review the case only as the trial court reviewed, i.e., whether the magistrate's decision is factually erroneous." In the Matter of Hunter (Nov. 14, 2000), Franklin App. Nos. 00AP-421, unreported. See, also, In re Walker (Sept. 16, 1999), Franklin App. No. 98AP-1548, unreported (where no objections are made, reviewing court's analysis is "limited to errors of law or other defects on the face of the magistrate's decision"). * * *
In this case, the appellant failed to make any objection to the report and recommendation of the magistrate. As such, appellant must show that the magistrate's decision is factually and/or facially erroneous.
Prior to accepting appellant's admission, the magistrate addressed the appellant personally as follows:
 Magistrate Vandyke: Donell, the charge reads, "that on the 16th day of January you did while committing a theft offense, to wit, theft in violation of Ohio Revised Code 2913.02 inflict physical harm on another, to wit: you struck Carole Cole in the face with your first [sic], pulled her hair, took her wallet, in violation of Section 2911.02(A)(2), felony of the second degree."
 If you tell me today Donell, that you admit or plead guilty to that charge of robbery, then we would not have a trial. The Prosecutor wouldn't have to put on witnesses to testify to try to prove beyond a reasonable doubt that you committed this charge of robbery. You would give up the right to have [your counsel] cross-examine or ask questions of the Prosecutor's witnesses. You would give up the right to subpoena witnesses in to testify on your behalf. You would give up your right to remain silent, which means I could ask you questions about this offense. You would give up your right to an appeal.
 The Court could then go on to make a disposition. You know that disposition means sentencing or the kind of orders the Court can make. Those dispositions could include a permanent commitment to the Department of Youth Services until age 21, but with a minimum time of 1 year. You could be held here in the detention home for up to 90 days. You could be placed on a period of probation. Custody could be removed from your mom; given to Children Services for placement outside her home. You could be ordered to do community service work, lose driver's privileges. You could be given a maximum fine of 1 — $1,000 and court costs. Two years after you complete all orders of the Court, you could ask the Court to seal your record.
 Donell, do you have any questions about the trial rights you would be giving up if you were to admit to this robbery?
DONELL DANIELS: No, ma'am.
 Magistrate Vandyke: Do you have any questions about the dispositions or the sentencing options the Court has if you admit?
DONELL DANIELS: Yeah.
MAGISTRATE VANDYKE: Tell me what your questions are.
 DONELL DANIELS: Could — is there any chance that I'd be able to get put on probation or ankle monitor?
 MAGISTRATE VANDYKE: There's a chance that any one of those things I told you about is a possibility. And I cannot tell you at all what the likelihood of any [of] those are because I got a lot infor — a lot more information I would have to get before I could do that. Any other questions?
DONELL DANIELS: No, ma'am. [1/25/01 Tr. at 2-3.]
Having carefully reviewed the record, the transcript, and the decision and recommendation of the magistrate, we are unable to find that the decision and recommendation is either facially or factually erroneous. Further, even assuming appellant had filed objections to preserve his assignment of error, we would find no error by the trial court in affirming the magistrate's decision as the magistrate substantially complied with Juv.R. 29(D). Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.